UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN PAUL SULLIVAN, | ) | Case No.: 1:25 CV 140 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN MISTY MACKEY, | ) | |
| | ) | |
| Respondent | ) | ORDER |

## I.  INTRODUCTION

On January 15, 2025, Petitioner John Paul Sullivan ("Sullivan"), a prisoner in state custody,

filed a *Pro Se* Petition, seeking a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1).  On

March 26, 2025, this court referred the matter to Magistrate Judge Reuben T. Sheperd  ("Judge

Sheperd" or "Magistrate Judge") to determine whether Sullivan's Petition should be converted to

a petition 2254 (Non-document entry of March 26, 2025).  Judge Sheperd determined that it should,

but gave Petitioner time to withdraw it if he wished.  Sullivan did not withdraw his Petition or

otherwise respond to the Magistrate Judge's Order giving him an opportunity to do so.

On May 12, 2025, this court referred the matter to the Magistrate Judge to prepare a Report

and Recommendation ("R & R").  On August 4, 2025, the Respondent, Warden Misty Mackey

("Respondent" or ("Warden") filed a Return of Writ (ECF No. 9).  Sullivan filed his Traverse on

September 15, 2025 (ECF No. 11).  On March 4, 2026, the Magistrate Judge issued his R & R, in

which he recommended that the Petition be denied in its entirety and that no Certificate of Appealability be granted.  On May 18, 2026, Petitioner filed his Objections (ECF No. 15)

For the following reasons, the court adopts Judge Sheperd's R & R (ECF No. 6) and denies Sullivan's Petition in its entirety. The court also declines to issue Sullivan a Certificate of Appealability.

## II.  FACTUAL BACKGROUND

Ohio's Ninth District Court of Appeals summarized the background facts in Sullivan's case as follows:

> {2} In September 2018, Sullivan was indicted on one count of aggravated murder, two counts of murder, two counts of felonious assault, one count of tampering with evidence, and one count of having weapons while under disability.  Firearm specifications accompanied all the charges aside from the count of having weapons while under disability.  The charges stemmed from a murder for hire that took place in July 2018.  Sullivan and another man were hired to kill the victim.

> {3} In December 2018, Sullivan pleaded guilty to the indictment. While there was no agreed upon sentence, the written plea agreement included a merger analysis indicating that counts two through five were allied with count one and that the State elected to proceed to sentencing on count one and that sentences were to be imposed on counts six and seven.  The trial court sentenced Sullivan to an aggregate sentence of life in prison with parole eligibility after 39 years.

> {4} On January 10, 2019, Sullivan filed a pro se notice of appeal. Counsel was thereafter appointed.  While the appeal was pending, Sullivan filed a pro se motion to withdraw his plea in the trial court. The trial court denied the motion.

> {5} On March 17, 2020, Sullivan filed a petition for postconvictiion relief and a motion to withdraw his plea.  On March 20, 2020, Sullivan filed an amended petition and amended motion to withdraw his plea.  With respect to his petition and amended petition for

-2-

postconviction relief, Sullivan contended his trial counsel was ineffective by failing to inform Sullivan of the evidence against him and by pressuring Sullivan to believe that he would receive the death penalty if he did not plead guilty. In addition, Sullivan contended that his conviction for having weapons under disability was barred by the Double Jeopardy Clause as he was convicted of the same offense in Cuyahoga County. That charge involved the same date as the charge in the instant matter. Following the murder, Sullivan was stopped by police in Cuyahoga County for speeding and was arrested pursuant to an unrelated warrant. The gun was discovered during an inventory search and was later determined to be the murder weapon. Thus, Sullivan was charged with having weapons while under disability in both Cuyahoga and Lorain Counties.

{6} The State moved to dismiss Sullivan's amended petition and opposed his motion to withdraw his plea. The State argued that Sullivan failed to establish substantive grounds for relief in his amended petition and also asserted that Sullivan's double jeopardy argument was barred by res judicata. Sullivan responded in opposition to the State's motion. The trial court set the matter for a hearing. In the interim, briefing in the direct appeal was stayed pending the resolution of Sullivan's trial court filings. Ultimately, hearings were held in the trial court on February 7, 2022, and February 17, 2022.

{7} The trial court denied Sullivan's petition and his motion to withdraw his plea on the merits. Sullivan then appealed, and this Court consolidated both appeals.

{8} Sullivan raises two assignments of error related solely to the entry denying his petition for postconviction relief.

*State v. Sullivan* ("Sullivan I"), 2023-Ohio–3520, 2023 WL 6345825, at *1-2 (Ohio Ct. App., Sept 29, 2023).The trial court denied Sullivan's petition and his motion to withdraw his plea on the merits. Sullivan then appealed, and this Court consolidated both appeals.

### III.  FEDERAL HABEAS CORPUS PETITION

Sullivan's Petition before this court asserts only one ground for relief:

Ground One: Ineffective Assistance of Counsel

Supporting Facts:      Attorney Nici told me that the state was going to kill me if I did not

> sign a piece of paper.  I found out later that my case was not a death penalty case and he did not show me any evidence.

(ECF No. 1, pp. 6-7) (cleaned up).

## IV.  DISCUSSION

It is undisputed that Sullivan fairly presented his claim for ineffective assistance of counsel in his state court proceedings by raising it on direct appeal (ECF No. 9-2, pp. 167-72) and before the Ohio Supreme Court (*Id.* at pp. 231-48).  Therefore, Sullivan is only entitled to habeas relief if he can establish that adjudication of his claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  28 U.S.C. § 2254(d)(1)-(2).

The Ninth District Court of Appeals, in its Opinion, stated;

> {11} In his petition, Sullivan contended that trial counsel was deficient by failing to inform Sullivan of the evidence against him and unduly pressuring Sullivan to believe that he would receive the death penalty if he did not plead guilty.  Sullivan also submitted an affidavit wherein he averred that he would have chosen to go to trial if his trial counsel had shown him the discovery materials and not pressured him into believing he would receive the death penalty if Sullivan would have gone to trial.

> {12} During the hearing on the petition, both Sullivan and trial counsel testified.  Sullivan essentially contended that trial counsel never showed Sullivan any of the discovery including the video of the shooting.  Sullivan denied shooting the victim and claimed that police coerced his confession by showing him a loaded weapon and writing down on a white board what police wanted Sullivan to say.  Sullivan also testified that as early as September 2018, trial counsel told Sullivan to plead guilty "before they kill you."  Sullivan maintained that trial counsel repeatedly told Sullivan that he needed to plead "before they put a needle in your arm and kill you."  Yet, Sullivan also claimed that trial counsel never told Sullivan that the prosecutor

-4-

had plans to add a capital specification if Sullivan did not plead guilty.  Sullivan claimed that trial counsel did not discuss the plea forms in detail with Sullivan despite his statements to the contrary at the plea hearing.  Sullivan maintained that the plea sheets he signed were blank when he signed them.

{13} Trial counsel's testimony contradicted Sullivan's.  Trial counsel testified that he has been practicing law since 1997 and that criminal defense represented about 95% of his practice.  He is certified to handle capital cases.  Trial counsel discussed in detail the discovery he shared with Sullivan, including the video which they watched multiple times.  Trial counsel stated that, on the video, Sullivan could be seen shooting the victim, and Sullivan could also be seen coming out of the woods, turning, walking right by the camera, and looking up. Trial counsel's detailed notes and billing statement were also presented as evidence.  Trial counsel additionally testified that even as early as August 2018, there was a concern as to the possibility of a "capital component[.]" Trial counsel indicated  that the case had the hallmarks of a death penalty case in that Sullivan made statements to the police about what happened, was on video committing the crime, and the crime was for a murder for hire.  Trial counsel discussed these concerns with Sullivan and also informed him of the possible penalties.  Trial counsel discussed the proposed plea with Sullivan and gave him time to think about it.  Prior to the plea, the prosecutor told trial counsel that if Sullivan did not plead the prosecutor planned to go back to the grand jury to add a capital specification. Trial counsel relayed that information to Sullivan. Trial counsel denied that he began encouraging Sullivan to plead even before discovery was reviewed.

{14} In ruling on Sullivan's petition, the trial court specifically stated that it found "Sullivan's self-serving testimony lack[ed] credibility." The trial court additionally found that trial counsel's testimony was credible. The trial court went on to state:

Sullivan's testimony that he was never shown the video or other discovery; that [trial counsel] never even discussed discovery; and that on every visit with Sullivan all [trial counsel] ever [ ] said was that Sullivan should plead guilty or the State was going to kill him all lacked credibility. [Trial counsel's] credible testimony was corroborated by his billing statement.

*Sullivan I*, 2023 WL 6345825, at 2-3

Thus, the court found that the trial counsel was not deficient and that Sullivan had not shown prejudice.

The Magistrate Judge found in this case that a state appellate court appropriately applied the standard defined by the United Stated Supreme Court in *Strickland* when it concluded that counsel's performance was not deficient and that Sullivan had not demonstrated prejudice.  Consequently, Sullivan has not shown that his Sixth Amendment rights were violated.  He further found that, applying the double-deference requirement of a federal court sitting in habeas review, Ohio's Ninth District Court of Appeals' denial of Sullivan's ineffective assistance of counsel claim was not contrary to and did not involve an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented.  Thus, he recommended that this court deny the Petition on these bases.

## V.  PETITIONER'S OBJECTIONS

Petitioner's Objections (ECF No. 15) simply rehash his prior arguments, including that his counsel failed to keep him informed of important developments during the trial, see, e.g., Objections, p. 4.  He also again raises the argument that the Appeals Court rejected as not being credible in affirming the trial court, that his counsel had claimed he would receive the death penalty if he did not plea guilty, Objections, p. 9.  Nothing argued by Petitioner in his Objections causes the court to conclude that the Magistrate Judge's Report and Recommendation is not well-taken.

## VI. CONCLUSION

After careful *de novo* review of the R & R, and all other relevant documents in the record, including Petitioner's Objections, the court finds that Judge Sheperd's recommendation is fully supported by the record and controlling case law. Accordingly, the court adopts the R & R in its entirety and hereby denies and dismisses the Petition (ECF No. 1). The court also certifies that there

-7-

is no basis on which to issue a Certificate of Appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

 IT IS SO ORDERED.

 */s/ SOLOMON OLIVER, JR.*
 UNITED STATES DISTRICT JUDGE

August 4, 2026